# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,<br><br>Debtors. | Bankruptcy Case No. 18-10512 (KBO)<br>Bankruptcy. Adv. No. 19-50390 (KBO) |
| Patriarch Partners XIV, LLC, *et al.*,<br>         Appellants,<br>   v.<br>MBIA Inc., *et al.*,<br>         Appellees. | C.A. No. 22-400-TLA<br>Bankr. BAP No. 22-29 |

## RECOMMENDATION

At Wilmington this **25th** day of **April, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

On October 1, 2019, Plaintiff-Appellants, Patriarch Partners, VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC Octaluna, LLC, Octaluna II, LLC, Octaluna III, LLC and Lynn Tilton (collectively "Patriarch") filed a complaint, as amended, (the "Complaint") initiating a bankruptcy adversary proceeding ("Appellants"). Patriach sought to equitably subordinate claims held by Defendant-Appellees MBIA, Inc., MBIA Ins. Corp. (combined "MBIA"), U.S. Bank, N.A., Alvarez & Marsal Zohar Management ("AMZM") and Zohar III Controlling Class[2] ("Appellees").  The Bankruptcy Court entered a Memorandum Opinion and Order on Defendants' Motion to Dismiss the Complaint of Lynn Tilton and the Patriarch & Octaluna Entities for Equitable Subordination, and dismissed the Complaint in full without any leave to amend.  In response, on March 29, 2022, Patriarch filed a Notice of Appeal of the Order. *See D.I*. 1.  Thereafter, the Appellants-Patriach filed a designation of record and the statement of issues on Appeal.  *See D.I.* 5.  A review of the issues raised on this Appeal show that they primarily address procedural matters.

Prior to their joint letter submission, Patriach and Appellees conferred to discuss the prospects of mediating this dispute.  In light of the issues on appeal, neither side believes that mediation would be useful in resolving this Appeal, and request that they be excused from mediation.  Based on a review of the issues raised on Appeal, this judge agrees that mediation would not be useful and would not lead to resolution.

---

[2]AThe Zohar III Controlling Class refers to all Appellees except for MBIA, US Bank and AMZM.

The Parties also propose the following briefing schedule:

| | |
|---|---|
| **Patriarch Opening Brief** | No later that Monday, May 16, 2022 |
| **Appellees Answering Brief** | No later that 30 days after Patriarch files its Opening Brief |
| **Patriach Reply Brief** | No later that 14 days after Appellees file their Answering Brief. |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated since it is consistent with the Parties' request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge