**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| Zohar III, Corp., *et al.*, | : | Case No. 18-10512 (KBO) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| LYNN TILTON, *et al.*, | : | |
| Appellants | : | |
| | : | |
| v. | : | Case No. 1:22-cv-00400 (TLA) |
| | : | |
| MBIA INC., *et al.*, | : | |
| Appellees. | : | |
| | : | |

## ANSWERING BRIEF OF APPELLEE
## THE ZOHAR III CONTROLLING CLASS

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, Appellee, The Zohar III Controlling Class[1], states as follows:

1.    All publicly-held corporations that own more than 10% of the stock of the Halcyon Vallée Vlanche Master Fund LP are affiliates of AXA S.A.

2.    No publicly-held corporation owns more than 10% of the stock of any other member of the Zohar III Controlling Class.

---

[1]    Appellants allege that the "Zohar III Controlling Class" consists of Credit Value Partners, LP, Bardin Hill Investment Partners LP f/k/a Halcyon Capital Management LP, Coöperatieve Rabobank U.A., Värde Partners, Inc., Ascension Alpha Fund LLC, Ascension Health Master Pension Trust, CAZ Halcyon Offshore Strategic Opportunities Fund, L.P., CAZ Halcyon Strategic Opportunities Fund, L.P., Brown University, HCN LP, Halcyon Eversource Credit LLC, HLF LP, HLDR Fund I NUS LP, HLDR Fund I TE LP, HLDR Fund I UST LP, Halcyon Vallée Blanche Master Fund LP, Bardin Hill Event-Driven Master Fund LP, Praetor Fund I, a sub-fund of Praetorium Fund I ICAV, Hirtle Callaghan Total Return Offshore Fund Limited, Hirtle Callaghan Total Return Offshore Fund II Limited, Hirtle Callaghan Trading Partners, L.P., and Third Series of HDML Fund I LLC.

# **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT ......................................................... ii

TABLE OF CONTENTS ............................................................................................. iii

TABLE OF AUTHORITIES ....................................................................................... iv

INTRODUCTION ........................................................................................................1

STATEMENT OF THE CASE ....................................................................................2

SUMMARY OF THE ARGUMENT .........................................................................6

ARGUMENT ...............................................................................................................8

I.    Appellants Failed to Allege Facts Sufficient to Maintain an Equitable
      Subordination Claim Against the Zohar III Controlling Class....................8

II.   The Bankruptcy Court Properly Applied The Collateral Estoppel
      Doctrine to the AMZM Actions Allegations. ...........................................10

III.  The Bankruptcy Court Determined that the Zohar III Controlling
      Class Did Not Act with an Improper Motive. ...........................................12

CONCLUSION ........................................................................................................14

iii

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Bank of N.Y. v. Epic Resorts—Palm Springs Marquis Villas, LLC* (*In re Epic Capital Corp.*),
    307 B.R. 767 (D. Del. 2004) ............................................................................8, 9

*EisnerAmper, LLC v. Morgan (In re SRC Liquidation, LLC)*,
    765 F. App'x 726 (3d Cir. 2019) .....................................................................6, 8

*In re Astroline Communications Co.*
    226 B.R. 324 (Bankr. D. Conn. 1998) ..........................................................11, 12

*In re Docteroff*,
    133 F.3d 210 (3d Cir. 1997) ..........................................................................10, 11

*In re Samson Res. Corp.*,
    2021 WL 1174534 (D. Del. Mar. 29, 2021) .......................................................3

*In re Wash. Mut., Inc.*,
    835 F. App'x 667 (3d Cir. 2021) .........................................................................8

*In re Winstar Commc'ns, Inc.*,
    554 F.3d 382 (3d Cir. 2009) ................................................................................9

*Raytech Corp. v. White*,
    54 F.3d 187 (3d Cir. 1995) ................................................................................11

*Stewart v. Mostowy*,
    796 F. App'x 104 (3d Cir. 2020) ........................................................................8

*United States v. Hernandez-Sanchez*,
    779 F. App'x 273 (5th Cir. 2019) ......................................................................13

# INTRODUCTION

Across nearly a decade of litigation, Appellants have sought to prove that they have been victimized by the Appellees in numerous ways.  As against the Zohar III Controlling Class, Appellants have claimed that the Controlling Class is responsible for allowing the Collateral Manager to bring "sham" claims designed solely to injure Appellants.  In this incarnation, Appellants sought equitable subordination in the Bankruptcy Court on that basis, which the Bankruptcy Court rejected. Multiple courts, on multiple occasions, have rejected the exact allegations underlying Appellants' theory that the Zohar III Controlling Class and the other appellees conspired to harm Ms. Tilton in exercising their rights under the relevant Indenture. Here, "[f]aced with Plaintiffs' same arguments regarding the Defendants' motivations," A-100 n.190,[2] Judge Owens rejected them as "dubious" and unsupported by any factual allegations.  A-112–113.

Patriarch now asks this Court to reverse the Bankruptcy Court's decision on the narrow ground that the Bankruptcy Court improperly applied collateral estoppel to one of the elements of equitable subordination.  But Patriarch makes no effort to

---

[2]    Citations to the form "A-__" are to the Appendices filed by Appellants (ECF 30, 32) and by Appellees in conjunction with their answering briefs.  The Bankruptcy Court's decision dismissing Appellants' equitable subordination claims appears at A-74–117.

address the Bankruptcy Court's holding that, separate and apart from any holding on collateral estoppel, "Plaintiffs have failed to allege sufficient facts from which the Court can infer that the Zohar III Controlling Class acted inequitably."  A-106.  This alone is fatal to the appeal.

Patriarch fares no better on the issue of collateral estoppel, which is premised on mischaracterizing the Bankruptcy Court's decision.

## STATEMENT OF THE CASE

In October 2019, Appellants filed their equitable subordination complaint. ECF No. 1.[3]  On October 30, 2020, Defendants filed motions to dismiss.  ECF Nos. 64, 66, 67, 81.  Briefing on these motions was completed on March 16, 2021.  ECF No. 122.  On the eve of oral argument on the previously-filed motions to dismiss, Appellants sought leave to amend their complaint.  *See* ECF No. 133.  After the Court granted them leave, (ECF No. 154), Appellants filed their Amended Complaint on January 6, 2022.  ECF No. 160.  The Amended Complaint included new allegations about certain post-petition conduct related to the parties' failed

---

[3]     "ECF" citations refer to the docket of the equitable subordination adversary proceeding in the United States Bankruptcy Court for the District of Delaware, No. 19-ap-50390.  "D.I." citations refer to the docket of the Debtors' bankruptcy cases jointly administered at Case No. 18-10512 (KBO).

2

mediation which was claimed to be inequitable, but did not include any new allegations to address any of the arguments in the motions to dismiss.  On February 24, 2022, the Bankruptcy Court ruled on the Zohar Debtors' Motion to Preclude Discovery and Introduction of Protected Mediation Information, (D.I.  No. 3040), ordering that all of the mediation information disclosed by Appellants in their Amended Complaint be stricken as confidential.  D.I. No. 3113, ¶3.  Appellants did not appeal this order.

Throughout the Amended Complaint's more than 225 paragraphs, Appellants do not allege that the Zohar III Controlling Class engaged in any specific conduct other than "consent[ing] to, "approv[ing]," or "authoriz[ing]" Alvarez & Marsal Zohar Management ("AMZM") to bring certain lawsuits against Appellants on behalf of the Zohar Funds (the "AMZM Actions"), which Appellants maintain were "shams" brought solely to injure them.[4]  *See* A-43 ¶ 143, A-54 ¶ 175, A-58 ¶ 185, A-104 n.209.

---

[4]     Appellants asserted other conclusory allegations of conduct by the Zohar III Controlling Class in the Amended Complaint that have not been raised on appeal.  Any claim with respect to these allegations have been "abandoned and waived" for purposes of the appeal.  *In re Samson Res. Corp.*, 2021 WL 1174534, at *8 (D. Del. Mar. 29, 2021) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993)).

On September 29, 2021, Judge P. Kevin Castel in the Southern District of New York issued a decision in a related case (the "SDNY Action"), rejecting Appellants' near identical factual allegations (the "SDNY Decision"). A-118–160. In that case, Appellants alleged various tort claims based on the allegations that the AMZM Actions were brought for the sole purpose of injuring Appellants. Judge Castel rejected these allegations. Specifically, he noted that two of the three AMZM Actions were successful, and that "most of the claims" in the third action were dismissed "due to lack of subject matter jurisdiction, not on the merits." A-153. Judge Castel held that Appellants failed to "plausibly allege[] that the [AMZM Actions] are 'sham' litigations." *Id.* That same litigation is the only conduct upon which Plaintiffs premised their equitable subordination claim against the Zohar III Controlling Class.

On March 25, 2022, Judge Karen B. Owens issued a decision rejecting Appellants' "sham" litigation theories and dismissing Appellants' equitable subordination complaint against the Zohar III Controlling Class with prejudice. *See* A-104–105. In doing so, she determined that all four elements of collateral estoppel exist, as Appellants' equitable subordination action "presents the same issues, allegations, and conclusions relied upon by the [Appellants] in the SDNY Action,"

4

which Judge Castel "thoroughly considered and rejected[.]" A-100. Moreover, Judge Owens held that:

> [Appellants] ask the Court to ignore the objective realities (including the parties' contractual rights and successful litigation of those rights), arguing that the Zohar III Controlling Class and MBIA (as well as AMZM) acted with an improper purpose – to take and sell Ms. Tilton's equity for their benefit and to harm her. The ***likelihood of such a scheme's existence is dubious*** for the reasons already explained and, without the ability to rely on Defendants' purported inequitable conduct, ***there are insufficient factual allegations in the Amended Complaint to suggest such a scheme***.

A-112–113 (emphasis added). The Bankruptcy Court noted that "as a general matter, the pursuit of one's legal rights, including the exercise of contractual rights, may not be grounds for equitable subordination" and determined that the facts alleged were distinct from other cases where "such a pursuit" was determined to have "inch[ed] over to inequitable conduct." A-113.

On May 16, 2022, Appellants filed their Opening Appeal Brief ("App. Br."). As to the Zohar III Controlling Class, Appellants again assert that the AMZM Actions were "unnecessary and costly . . . [and] vexatious litigations [that] served no legitimate purpose and depressed the value of the Zohar Funds," App. Br. 24, and argue that the Bankruptcy Court erred in its application of the collateral estoppel doctrine, App. Br. 39–47. Appellants do not challenge any other aspect of Judge Owens' well-reasoned conclusion with respect to their allegations concerning the

5

Zohar III Controlling Class, including that Patriarch "failed to allege sufficient facts from which the Court can infer that the Zohar III Controlling Class acted inequitably."[5]  A-106.

## **SUMMARY OF THE ARGUMENT**

The appeal should be denied for at least three reasons.  First, and as a threshold matter, Appellants do not contend that the Bankruptcy Court erred in its factual determination that Appellants "failed to allege sufficient facts from which the Court can infer that the Zohar III Controlling Class acted inequitably."  A-106.  This alone is fatal to the appeal.  *EisnerAmper, LLC v. Morgan (In re SRC Liquidation, LLC)*, 765 F. App'x 726, 730 (3d Cir. 2019) ("The failure to challenge [an] independent ground for dismissal compels us to affirm" (citing *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993))).  The Bankruptcy Court made clear that Appellants did not allege facts necessary to meet the required elements of a claim for equitable subordination.  *See* A-106.

---

[5]     Appellants also do not appeal the Bankruptcy Court's denial of Patriarch's second request for leave to amend.  In denying this request, Judge Owens noted that after previously being granted leave to amend, Appellants "made minimal changes to [the complaint's] substance outside of adding additional allegations that have since been struck despite having the benefit of the Defendant's previous dismissal briefing and the relevant decisions of the courts that have already opined" on the core issues.  A-117.

6

Second, the Bankruptcy Court properly determined that Appellants are collaterally estopped from asserting the same "sham" litigation allegations that were fully evaluated and rejected in the SDNY Decision.[6]  Appellants argue that the Bankruptcy Court erred in its application of collateral estoppel, however, because that action considered a different claim subject to a different legal standard.  This contention conflicts with clear precedent concerning the application of the collateral estoppel doctrine.

Finally, the Bankruptcy Court thoroughly considered the question of AMZM's motivations in bringing the AMZM Actions.  Appellants' claim that the Bankruptcy Court erred in determining that the SDNY Decision resolved the question of AMZM's motivations "mischaracterizes" the Bankruptcy Court's analysis of the issue.  A-1562.

For these reasons and as more fully elaborated below, the appeal should be dismissed.

---

[6]     The Zohar III Controlling Class joins and incorporates by reference the Answering Brief of Appellees MBIA Inc. and MBIA Insurance Corporation and the Answering Brief of Appellee Alvarez & Marsal Zohar Management.

## ARGUMENT

**I.    Appellants Failed to Allege Facts Sufficient to Maintain an Equitable Subordination Claim Against the Zohar III Controlling Class.**

The Bankruptcy Court determined that "Plaintiffs have failed to allege sufficient facts from which the Court can infer that the Zohar III Controlling Class acted inequitably."  A-106.  Appellants do not challenge this holding on appeal. Thus, even accepting Appellants' contention that the Bankruptcy Court erred in its application of collateral estoppel and interpretation of the SDNY Decision, the appeal should be dismissed.  *In re Wash. Mut., Inc.*, 835 F. App'x 667, 670 (3d Cir. 2021) (district court was "free to affirm" on any of several "independent reasons" for bankruptcy court's decision); *In re SRC Liquidation, LLC*, 765 F. App'x at 730 (affirming dismissal of breach of fiduciary duty adversary proceeding due to appellant's "failure to challenge [an] independent ground for dismissal" (citing *Nagle*, 8 F.3d at 143)); *see also Stewart v. Mostowy*, 796 F. App'x 104, 107 (3d Cir. 2020) ("[B]ecause Stewart has failed to contest an independent, individually sufficient basis for the [District] Court's [dismissal] order, that order must be affirmed." (citing *Nagle*)).

"[E]quitable subordination is an extraordinary remedy which is applied sparingly."  *Bank of N.Y. v. Epic Resorts—Palm Springs Marquis Villas, LLC (In re*

8

*Epic Capital Corp.*), 307 B.R. 767, 773 (D. Del. 2004).  Appellants were required to plead and prove three elements to succeed on their equitable subordination claims: (1) the Zohar III Controlling Class has engaged in some type of inequitable conduct, (2) the misconduct resulted in injury to Plaintiffs or conferred an unfair advantage on the Zohar III Controlling Class, and (3) equitable subordination of the Zohar III Controlling Class's claims is not inconsistent with bankruptcy code provisions.  *See In re Winstar Commc'ns, Inc.*, 554 F.3d 382, 411 (3d Cir. 2009).

Appellants' equitable subordination claim against the Zohar III Controlling Class is premised on the alleged motives underlying the AMZM Actions.  But the Bankruptcy Court determined that the Zohar III Controlling Class did not act inequitably by simply pursuing its contractual rights, regardless of any purported underlying motives:

> While, as the Plaintiffs allege, the parties' long-standing battles may have harmed the value of the Portfolio Companies (and thus, the parties' ultimate recoveries on account of the Zohar Funds notes), avoidance of this result would have required MBIA, the Zohar III Controlling Class, and AMZM to abandon their rights and claims to control the Zohar Funds and the Portfolio Companies.  The Court will not punish them with the extreme and harsh remedy of subordination for electing not to do so under the circumstances presented.

A-115.  Moreover, as to the second element of equitable subordination, the Bankruptcy Court held that the "reputational harm, litigation costs, and harm to Ms.

9

Tilton's control rights and debt and equity positions in the Portfolio Companies are not sufficient to justify equitable subordination as, among other things, the harm does not relate to Plaintiffs' position as creditors of the Debtors." A-116 n.284. Appellants do not challenge this finding. As a result, Patriarch's equitable subordination claim against the Zohar III Controlling Class would fail even if their arguments concerning collateral estoppel had merit.

## II. The Bankruptcy Court Properly Applied The Collateral Estoppel Doctrine to the AMZM Actions Allegations.

The Amended Complaint "presents the same issues, allegations, and conclusions relied upon by the Plaintiffs in the SDNY Action" concerning the AMZM Actions. A-100. As such, the Bankruptcy Court evaluated it under the four elements of collateral estoppel set forth in *In re Docteroff*, 133 F.3d 210 (3d Cir. 1997), determining that "[a]ll four elements exist[.]" *Id.*

Appellants contend that the Bankruptcy Court erred in determining that the "issue sought to be precluded" in this action was the same as the one involved in the SDNY Action. App. Br. 41; *see In re Docteroff*, 133 F.3d at 214 (discussing the first element of collateral estoppel). Specifically, Appellants argue that issue preclusion should not apply because, in the SDNY Action, the same facts were offered in support of a different claim with a more stringent burden of proof. App.

10

Br. 42-44 (the equitable subordination "standard" is "considerably broader" than the "standard applied to . . . breach-of-contract claims").   However,   "[t]o defeat a finding of identity of the issues for preclusion purposes, the difference in the applicable legal standards must be substantial."  *Raytech Corp. v. White*, 54 F.3d 187, 191 (3d Cir. 1995) (citation omitted).  Avoiding preclusion of identical facts on differing standards grounds "is a very narrow exception to the rule[.]"  *Id.* (quoting *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459 n.8 (5th Cir. 1971)).

Appellants merely identify a purportedly different standard, but make no attempt to show its significance.  This is not enough.  If any difference defeated issue preclusion, "collateral estoppel would never apply in bankruptcy because the precise bankruptcy issue would never have been litigated" outside of bankruptcy.  *In re Docteroff*, 133 F.3d at 215.  "Such a conclusion defies common sense and reason and is at odds with the Supreme Court's holding in *Grogan* [*v. Garner*, 498 U.S. 279 (1991)]."  *Id.*

Appellants' reliance on *In re Astroline Communications Co.* is misplaced. App. Br. 42-44.  In *Astroline*, the Bankruptcy Court for the District of Connecticut determined that a company was not collaterally estopped from arguing that another entity was an "insider" for purposes of equitable subordination by a prior holding that the entity was a "limited" (rather than a "general") partner of the debtor under

11

Massachusetts law.  The court reasoned that, since the "insider" definition under the Bankruptcy Code is broader than the definition of "general partner" under the Massachusetts Limited Partnership Act, collateral estoppel could not apply.  226 B.R. 324, 327-28 (Bankr. D. Conn. 1998).

Here, both Judge Castel and the Bankruptcy Court rejected Appellants' "sham" litigation allegations as implausible conclusions under the same federal pleading standard set forth in *Twombly* and *Iqbal*.  *See* A-86 (indicating that to survive a motion to dismiss, a plaintiff most offer "more than labels and conclusions" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007))); A-153 (rejecting Appellants' references to "sham" litigations as "mere labels and conclusions" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009))).

## III. The Bankruptcy Court Determined that the Zohar III Controlling Class Did Not Act with an Improper Motive.

Appellants also contend that the Bankruptcy Court erred in applying collateral estoppel because the SDNY Decision only determined that the AMZM Actions were not legally frivolous, but did not resolve Appellants' allegations "that AMZM's purposes in pursuing its litigation campaign against Patriarch were illegitimate . . . solely designed to harass and harm Plaintiffs."  App. Br. 44-45.

12

First, Judge Owens directly addressed this argument, and Appellants'
disagreement with the Bankruptcy Court's interpretation of the SDNY Decision is
insufficient to support reversal.[7]   The Bankruptcy Court noted that the SDNY
Decision "determined the issue that [the Bankruptcy Court] would be tasked with
deciding here if the proceeding were to continue – namely, whether the litigation
pursued by AMZM was a sham; in other words, whether it was brought for a
legitimate purpose or to abuse or for some other improper purpose."  A-100 n.190.

Second, the Bankruptcy Court did not rely exclusively on collateral estoppel
in concluding that the AMZM Actions were not shams.  As the Court held:

> The Plaintiffs ask the Court to ignore the objective realities (including
> the parties' contractual rights and successful litigation of those rights),
> arguing that the Zohar III Controlling Class and MBIA (as well as
> AMM) acted with an improper purpose—to take and sell Ms. Tilton's
> equity for their benefit and to harm her.  The likelihood of such a
> scheme's existence is dubious . . . and, without the ability to rely on
> Defendants' purported inequitable conduct [because it was not pled
> other than with labels and conclusions], there are insufficient factual
> allegations . . . to suggest such a scheme.  Nonetheless, even if a scheme
> did exist, the real issue is whether Defendants did anything wrong in
> pursuit of their 'scheme' . . . .  But as a general matter, the pursuit of
> one's legal rights . . . may not be grounds for equitable subordination

---

[7]   *Cf. United States v. Hernandez-Sanchez*, 779 F. App'x 273, 273 (5th Cir. 2019)
("Hernandez-Sanchez's arguments evince mere disagreement with the district court's reasoning,
which is not a sufficient ground for reversal"); *see also* A-113 n.270 (citing *Bayer Corp. v.
MascoTech, Inc. (In re AutoStyle Plastics, Inc.)*, 269 F.3d 726, 745 (6th Cir. 2001) for the
proposition that a plaintiff's "perce[ption] that] the defendants' legitimate actions [are]
inequitable . . . is not sufficient").

even if the rights are exercised harshly and cause harm to other creditors.

A-112–113 (quotations omitted) (citing, *inter alia*, *Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*, 429 B.R. 73, 90 (Bankr. S.D.N.Y. 2010); *O'Halloran v. Prudential Savs. Bank (In re Island View Crossing II, L.P.)*, 604 B.R. 181, 203 (Bankr. E.D. Pa. 2019)).  Thus, the Bankruptcy Court determined that Appellants failed to allege sufficient facts from which the Court can infer that the Zohar III Controlling Class acted inequitably whether or not collaterally estopped.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should affirm the dismissal of Appellants' equitable subordination claims against the Zohar III Controlling Class.

Dated: June 15, 2022

Wilmington, Delaware

/s/ Morgan L. Patterson
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
WOMBLE BOND DICKINSON (US) LLP
1313 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  morgan.patterson@wbd-us.com

14

-and-


Jeffrey A. Fuisz
Robert T. Franciscovich
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone:    (312) 863-8000
Facsimile:     (212) 863-8689
Email:  jeffrey.fuisz@arnoldporter.com
Email:  robert.franciscovich@arnoldporter.com

-and-

Brian J. Lohan
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL 60602-4231
Telephone:    (312) 583-2300
Facsimile:     (312) 583-2360
Email:  brian.lohan@arnoldporter.com


*Counsel to the Zohar III Controlling Class*

15